IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA                                               PLAINTIFF

v.                       Case No. 4:12-cr-00279-04-KGB

AGUSTIN LIMON-URIBE                                                    DEFENDANT

## ORDER

Before the Court is a motion for compassionate release filed *pro se* by defendant Agustin Limon-Uribe (Dkt. No. 203). The government responded in opposition to the motion (Dkt. No. 206). For the following reasons, the Court denies Mr. Limon-Uribe's motion for compassionate release (Dkt. No. 203).

Mr. Limon-Uribe entered a guilty plea to conspiracy to possess with intent to distribute methamphetamine pursuant to 21 U.S.C. §§ 841(a)(1) and 846, as set forth in count one of the second superseding indictment (Dkt. No. 163). Mr. Limon-Uribe was sentenced on August 18, 2016, to a term of 120 months in the Federal Bureau of Prisons ("BOP"), to be followed by five years of supervised release (Dkt Nos. 183–85). The Court imposed Mr. Limon-Uribe's sentence to run concurrently with the sentence in Maricopa County Superior Court, Docket No. 2014-137421-001-DT (Dkt. No. 185, at 2).

Mr. Limon-Uribe was not in the custody of the BOP beginning on May 21, 2024. https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results (last visited May 16, 2025). For this reason, the Court denies Mr. Limon-Uribe's motion (Dkt. No. 203).

Further, as the government asserted in its response in opposition to the motion, at the time the motion was filed, it was not a proper motion for compassionate release or a proper motion for this Court to grant the relief Mr. Limon-Uribe requested. In his motion, Mr. Limon-Uribe maintained that the BOP was refusing to credit Mr. Limon-Uribe with presentence credit to which

he claimed he was entitled. A motion for compassionate relief pursuant to 18 U.S.C. § 3582(c)(1)(A) is not the proper way to raise that argument or to seek that relief. As the government noted, such a motion should be brought pursuant to 28 U.S.C. § 2241 and then only in the court where the defendant is currently incarcerated, not in the sentencing court (Dkt. No. 206, at 2).

The Court would not grant any request to convert the filing to one pursuant to 28 U.S.C. § 2255 because such a filing was untimely when Mr. Limon-Uribe filed his motion, and Mr. Limon-Uribe was barred from filing that type of motion by the collateral review waiver in his plea agreement (*Id.*, at 2–4). Moreover, Federal Rule of Civil Procedure 60(b) has no application in this criminal case (*Id.*, at 4).

For all of these reasons, the Court denies Mr. Limon-Uribe's motion for compassionate release (Dkt. No. 203).

It is so ordered this 16th day of May, 2025.

_____
Kristine G. Baker
Chief United States District Judge